SAMUEL KATUNICH, JANE H. M. RIGO AND GUY SERRA, PLAINTIFFS v. RAYMOND J. DONOVAN, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, DEFENDANT

Before: RE, *Chief Judge.*

Court No. 81-9-01158

*Memorandum and Order*

(Dated June 17, 1983)

RE, *Chief Judge:* Plaintiffs have moved for an order allowing access to confidential documents contained in the administrative record of the Department of Labor's trade adjustment assistance investigation No. TA-W-9444. The defendant has petitioned the court for a protective order barring any disclosure.

In order to rule properly on these motions, the court must make an *in camera* inspection of the documents in question. It also must weigh the need of the plaintiffs for the documents in prosecuting this action as against the need of the Government in the public interest to maintain their confidentiality.

Plaintiffs were workers at U.S. Steel's Monroeville Research Laboratory. The Secretary of Labor's investigation into plaintiffs' petition disclosed that they were engaged in various activities related to the production of steel. On that basis, the Secretary may certify plaintiffs for adjustment assistance benefits only if their separation from employment "was caused importantly by a reduced demand for their services originating at facilities whose workers independently meet the statutory criteria of Section 222 of the Trade Act of 1974 for certification and that reduction must be directly related to the product impacted by imports." 46 Fed. Reg. 35825 (July 10, 1981).

According to the Secretary's investigation, a series of related adjustment assistance investigations revealed that "the preponder-

ance of steel products manufactured at U.S. Steel facilities have not been adversely affected by imports." *Id.* The resultant finding by the Secretary was that plaintiffs failed to satisfy the third criterion of Section 222 of the Trade Act of 1974, 19 U.S.C. § 2272 (1976), namely that increased imports of articles, like or directly competitive with articles produced by plaintiffs' employing firm, contributed importantly to the absolute decline in sales or production of the firm. Thus, the Secretary concluded that the separation of plaintiffs was not related to facilities whose workers independently met the statutory criterion.

In reviewing the administrative record, the court does not find the factual basis for the Secretary's final determination. Although the record contains what appears to be production data for various U.S. Steel facilities for the year 1979, it is devoid of comparable data for those same facilities for the relevant months in 1980. Also conspicuously absent from the record is any import data for like or directly competitive steel products for the applicable period.

The Secretary's failure to include the factual basis for his final determination leaves the administrative record imcomplete. The court, therefore, is unable fully to assess the record and weigh the competing needs of the parties for the information sought to be disclosed.

Accordingly, it is hereby

ORDERED that this action is remanded to the Secretary of Labor for the purpose of furnishing the court with the basis of his final determination; and it is further

ORDERED that the Secretary shall file and serve his explanation by the close of business on Friday, July 15, 1983.